### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF COLORADO

| | |
|---|---|
| Cynthia McLaughlin, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  1:21-cv-1091 |
| | ) |
| Midland Credit Management, Inc., a | ) |
| Kansas corporation, | ) |
| | ) |
| Defendant. | ) Jury Demanded |

### COMPLAINT

Plaintiff, Cynthia McLaughlin, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. Moreover, Defendant's extensive business dealings here make it subject to this Court's general jurisdiction.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Cynthia McLaughlin ("McLaughlin"), is a citizen of the State of Colorado, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for a Home Depot/Citibank account, despite the fact that she had exercised her rights to refuse to pay the debt.

4. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. MCM operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Colorado. In fact, Defendant MCM was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant MCM is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar. Defendant MCM's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6. Defendant MCM is authorized to conduct business in Colorado, and maintains a registered agent here, see, records from the Colorado Secretary of State, attached at Exhibit A.

## FACTUAL ALLEGATIONS

7. Ms. McLaughlin is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Home Depot/Citibank ("Citibank") account. In response to her financial problems, Ms. McLaughlin sought the assistance of the Chicago Legal Clinic's LASPD program, regarding her debt problems, including the Citibank debt.

8. Accordingly, on May 2, 2018, one of Ms. McLaughlin's legal aid attorneys informed Citibank that Ms. McLaughlin refused to pay the debt at issue. Copies of this

2

letter and the fax confirmation are attached as Exhibit B.

9.  Thereafter, Defendant MCM then bought/obtained Ms. McLaughlin's alleged Citibank account and sent Ms. McLaughlin, at LASPD's address, a collection letter, dated January 29, 2019, demanding payment of the Citibank debt. A copy of this collection letter is attached as Exhibit C.

10. Accordingly, on April 4, 2019, Ms. McLaughlin's agents confirmed to Defendant in writing, that Ms. McLaughlin refused to pay the debt and that Defendant should cease communications. A copy of this letter and fax confirmation is attached as Exhibit D.

11. Nonetheless, Defendant MCM directly called Ms. McLaughlin including, but not limited to, telephone calls on August 26, 2020, August 30, 2020 and August 31, 2020, to demand payment of the Citibank debt.

12. Accordingly, on February 1, 2021, Ms. McLaughlin's agents/attorneys confirmed to Defendant, yet again, in writing that Ms. McLaughlin refused to pay the debt and that Defendant should cease communications. A copy of this letter and fax confirmation is attached as Exhibit E.

13. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

14. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the

FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer disputes the debt and refuses to pay or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c).

15. Ms. McLaughlin had been informed by counsel and believed that she had the right to dispute and refuse to pay this debt, the right to demand that collection communications cease, and a right to privacy. Defendants' collection communications made her believe that her demands had been futile and that she did not have the rights that Congress had granted her under the FDCPA. Defendants' collection actions resulted in a direct invasion of Ms. McLaughlin's legally-protected right to be left alone and her right to privacy – rights granted to consumers under § 1692c of the FDCPA. Moreover, Ms. McLaughlin had to go to the trouble and expense of having her counsel at LASPD send yet another letter to Defendants to tell them to leave her alone, see, Exhibit E.

16. Moreover, McLaughlin had been informed by counsel and believed that she had the right to be represented by counsel as to her debts. Defendants' collection communications made her believe that her demands had been futile and that she did not have the rights that Congress had granted her under the FDCPA. Defendants' collection actions resulted in a direct invasion of Ms. McLaughlin's legally-protected right

4

to be represented by counsel – a right granted to consumers under § 1692c of the FDCPA. Moreover, Ms. McLaughlin had to go to the trouble and expense of having her counsel at LASPD send yet another letter to Defendants to notify them that she was represented by counsel, see, Exhibit E.

17. Defendants' actions caused Plaintiff to question whether her counsel had done its job, whether she could refuse to pay the debt, whether she had the right to dispute the debt, whether she had the right to be left alone, and whether she had the right to be represented by counsel – all of which upset, distressed and alarmed Ms. McLaughlin.

18. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

19. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

20. Plaintiff adopts and realleges ¶¶ 1-19.

21. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

22. Here, the letters from Plaintiff's legal aid attorney told Defendant's predecessor-in-interest and Defendant to cease communications and cease collections.

By directly communicating with Ms. McLaughlin, via telephone calls, regarding payment of this debt, Defendant violated § 1692c(c) of the FDCPA.

23. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

24. Plaintiff adopts and realleges ¶¶ 1-19.

25. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

26. Defendant knew that Plaintiff was represented by counsel in connection with her debts because her legal aid attorneys had given notice, in writing, to Defendant's predecessor-in-interest, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff; indeed Defendant sent a form collection letter to Ms. McLaughlin at her attorney's address, see, Exhibit C. By directly communicating with Plaintiff, via telephone calls, despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

27. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Cynthia McLaughlin, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff McLaughlin, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Cynthia McLaughlin, demands trial by jury.

Cynthia McLaughlin,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: April 20, 2021

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com